# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Lakeland Bank, a New Jersey Charter
State Bank, with its principal place of
business at 250 Oak Ridge Road,
Oak Ridge, New Jersey 07438,

        Plaintiff,

    -vs-

TAYLOR BABY in rem,
EDWIN RYBACKI, in personam,
RITA RYBACKI, in personam, and
MARC RYBACKI, in personam,

        Defendants.

Civil Action No. 07ew 6823 (SAS)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/07

MOTION AND ORDER
FOR APPOINTMENT OF
SUBSTITUTE CUSTODIAN

Plaintiff, LAKELAND BANK, a New Jersey Charter State Bank, by and through its
attorneys, Goldstein Isaacson, PC, having appeared and made the following recitals:

    1.     On July 30, 2007, the Complaint herein was filed praying that the vessel Taylor
Baby, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto
appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims for
other proper relief.

    2.     On July 30, 2007, the Clerk of this Court issued a Warrant of Arrest of Vessel
commanding the United States Marshal, for the United States Southern District of New York, to
arrest and take into custody the Defendant vessel and to detain the same in his custody until
further Order of the Court.

    3.     It is contemplated that the United States Marshal will seize the Defendant vessel
forthwith. Custody by the United States Marshal requires the services of one or more keepers

MICROFILM '2 ?

JUL 31 2007

Returned to chambers for scanning on 8/3/07.
Scanned by chambers on _____.

alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to this vessel.

4.     The Defendant vessel is currently berthed at Storm King Marina, 2899 Route 9W, West Windsor, New York, 12553.  Scott Morris of Storm King Marina has agreed to assume the responsibility of safekeeping the said vessel and has consented to act as her custodian upon Order of this Court for the sum, including wharfage and routine service required for the safekeeping of the particular vessel, of $1,000 per month.  The United States Marshal is unable to perform or to have performed at a comparable rate these same services.  Additional services to be performed by Storm King Marina, will include $50 per man-hour, which services are to be performed at separate costs, not to exceed $1,000 per month.  In any case, the transfer of the Defendant vessel to the substitute for safekeeping will not be effected until the court approves such custodianship and all such charges have been paid by the moving party.

5.     Scott Morris by affidavit appended hereto and made a part hereof, states that he has arranged for adequate facilities and supervision for the proper safekeeping of the vessel and that he possesses insurance as set forth in the Certificate of Insurance and/or substance adequate to respond in damages for loss or injury to the Defendant vessel or for damage sustained by third parties due to any acts, faults or negligence by said substitute custodian.  Further, if said affidavit, substitute custodian accepts, in accordance with the terms of this Order, possession of the Defendant vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, which is the subject of this action.

6.     The vessel TAYLOR BABY is presently at the ship yard owned by Storm King Marina and the boat has been removed from the water for safe keeping.

2

7.     Plaintiff, Lakeland Bank, in consideration of the Marshal's consent to the substitute of custody, agrees to release the United States and the marshal from any and all liability and responsibility arising out of care and custody of the Defendant vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging to said vessel over to said substitute custodian.  Plaintiff further agrees to hold harmless and indemnify the United States Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

8.     The Court having reviewed the moving papers, orders, certifications and affidavits, and good cause appearing therefore;

**IT IS** on this _____ 30th _____ day of July, 2007,

**ORDERED** that Storm King Marina by Scott Morris be and is hereby appointed the substitute custodian of said vessel, to retain the same in his custody for possession and safekeeping for the aforementioned compensation until further Order of the Court.

**IT IS FURTHERED ORDERED** that the United States Marshal for the Southern District of New York be and he is hereby authorized and directed, forthwith, upon his seizure of said defendant vessel, the Taylor Baby, her bunkers, engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, pursuant to said Warrant for Arrest, to surrender the possession thereof to Scott Morris of Storm King Marina as substitute custodian and that upon the surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims whatever arising out of said substituted possession and safekeeping.

**IT IS FURTHER ORDERED** that all expenses for the moving and safekeeping of defendant vessel shall be deemed administrative expenses of the Marshal whether incurred directly by the Marshal or not.

**IT IS FURTHER ORDERED** that the substitute custodian upon taking custody of the vessel shall execute a receipt for the vessel and the Marshal must attest to the date and time of release of the vessel to the substitute custodian on a certified copy of the receipt.

**IT IS FURTHER ORDERED** that Plaintiff's attorney will serve a copy of said Order to the owner of Defendant vessel.

United States District Court Judge                    7/30/07

F:\WPD\G1521\0041\Motion&Order-Appt