**GOLDSTEIN ISAACSON, PC**
Andrew J. Goldstein (AG-1750)
100 Morris Avenue, 3rd Floor
Springfield, New Jersey 07081
Telephone No. (973) 258-0500
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Lakeland Bank, a New Jersey Charter State Bank, with its principal place of business at 250 Oak Ridge Road, Oak Ridge, New Jersey 07438,<br><br>Plaintiff,<br><br>-vs-<br>TAYLOR BABY in rem,<br>EDWIN RYBACKI, in personam,<br>RITA RYBACKI, in personam, and<br>MARC RYBACKI, in personam<br><br>Defendants. | : : : : : : : : : : : : : : : : | Civil Action No. 07-CIV-6823<br><br><br>**CERTIFICATION OF PROOF AND OF NON-MILITARY SERVICE** |

JAMES NOONAN, of full age, hereby certifies the following:

1.     I am the executive vice-president of Lakeland Bank, the plaintiff in the captioned matter. I am duly authorized to make this certification in support of the application for default judgment against the defendants, Edwin and Rita Rybacki, in personam.

2.     Default will be entered on or about this date by the Clerk of the United States District Court for the Southern District of New York against the defendants, Edwin and Rita Rybacki, in personam.

3.     I am familiar with the books and business of the plaintiff. Attached hereto as **Exhibit "A"** is a true and accurate copy of the statement of account.

4.    Defendants, Edwin and Rita Rybacki, applied for and were granted a loan in the amount of $300,000.00 to be utilized by the Defendants for the purchase of the Taylor Baby. The loan was secured by a First Purchase money mortgage on the Taylor Baby. Demand was made of Defendants to bring their account current. See **Exhibit "B"** attached hereto.

5.    There remains due and owing from defendants, Edwin and Rita Rybacki, to plaintiff the total sum of $304,629.10 plus costs in the amount of $ 10,075.00. This amount is calculated as follows:

1) an unpaid balance due by Defendants in the amount of $290,956.46.

2) the business records reflect that through October 2, 2007, interest of $13,672.64 was due and owing for a total of $304,629.10. This amount continues to accrue at a per diem rate of $59.70. In addition to the above, there were costs in the amount of $10,075.00 (see annexed) for a total of $314,704.10. Credit has been duly given for all payments, counterclaims and set-offs.

6.    Defendants Edwin and Rita Rybacki have personally guaranteed to pay to the plaintiff the $300,000.00 loan for the purchase of the Taylor Baby and have executed a credit application and personal guarantee, as set forth in the complaint. Annexed hereto as **Exhibit "C"** is a true and accurate copy of the credit application and personal guarantees.

7.    Defendants named herein are neither a minor or an incompetent person.

8.    Neither Edwin Rybacki or Rita Rybacki are members of the military service of the United States. I make this representation based upon personal knowledge.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _October 17_, 2007

JAMES NOONAN

State of New Jersey,

County of Passaic, ss.

On October 17, 2007, before me, Patricia A. Teabo, Notary Public in and for said county, Personally appeared James Noonan who has satisfactorily identified himself as the signer of the above referenced instrument.

Patricia A. Teabo

PATRICIA A. TEABO
Notary Public of New Jersey
Commission Expires 12/15/07

# EXHIBIT "A"

http://192.168.21.101/LAS_LAS1151/LAS1151.ASPX?Action=QUICKPRINT&XMLGuid=68ADA...

LK I/L NON ACCRUAL 163101                        LAKELAND BANK                        10/5/2007 1:15:01 PM
Printed by: JOE KAPRASZEWSKI                                                          Reporting Institution: 1

## Note 163101 - EDWIN J RYBACKI

| | Rel | Birthdate | | Phone | Tax Identification |
|---|---|---|---|---|---|
| [01] EDWIN J RYBACKI | | Dec 08, 1929 | [H] (516) 790-6610 | | SSN 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 |
| [02] RITA RYBACKI | | Oct 08, 1933 | [H] (516) 790-6610 | | SSN 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 |
| 2848 LINDALE ST | | | | | |
| WANTAGH NY 11793 | | | | | |

Tax Name: [1] EDWIN J RYBACKI

## Account Classification

| | | | |
|---|---|---|---|
| Portfolio: | 20055336 | Responsibility Code: | [4425] ORION DEALER LOANS |
| Line: | 20055336 | Purpose Code: | [610] Loan to Individual |
| Product: | [1041070] LK I/L NON ACCRUAL | Collateral: | 2002 CABO 35' FB BOAT SEE MISC |
| Accounting Branch: | [76] | | |

## Summary

| | | | |
|---|---|---|---|
| Principal Balance: | $290,956.46 | Interest Method: | [1] 365/365 Payments P&I |
| Interest Balance: | $0.00 | Current Payment Due Date: | Mar 07, 2007 |
| Net Payoff: | $304,808.21 | Current Payment Due Amount: | $2,414.94 |
| Current Late Charge Balance: | $0.00 | Date Last Payment: | Feb 15, 2007 |
| Extra Interest: | $13,851.75 | Amount Last Payment: | $9,659.70 |
| Active Principal: | $201,400.00 | Current Days Past Due: | 212 |
| Charged Off Principal: | $89,556.46 | Total Amount Due: | $19,319.52 |
| Total Collateral Value: | $390,500.00 | Total Amount Past Due: | $16,904.58 |
| Loan To Value Ratio: | 0.7450 | Payment Frequency: | Monthly |
| Payments Scheduled: | 240 | Regular Payment Amount: | $2,414.94 |
| Payments Billed: | 25 | Current Rate Over: | 7.4900% |
| Payments Made: | 17 | One Day's Interest: | $59.7058 |
| Payments Extended: | | Original Note Amount: | $300,000.00 |
| Times Renewed: | 0 | Original Note Date: | Sep 07, 2005 |
| Times Past Due 0-29 Days: | 2 | Maturity Date: | Sep 07, 2025 |
| Times Past Due 30-59 Days: | 6 | Months To Maturity: | 215.1 |
| Times Past Due 60-89 Days: | 1 | Date Accrued Through: | Oct 04, 2007 |
| Times Past Due 90+ Days: | 6 | Date Last Transaction Activity: | Jun 21, 2007 |
| | | Date Principal Paid To: | Feb 07, 2007 |
| | | Date Interest Paid To: | Feb 15, 2007 |
| | | Date Last Change: | Jun 22, 2007 |
| | | Date Last Updated: | Oct 04, 2007 |

## Collateral Addenda 1

| | | | |
|---|---|---|---|
| Description: | 2002 CABO 35' FB BOAT SEE MISC | Collateral Code: | [37] |
| | | Responsibility Code: | [4425] ORION DEALER LOANS |
| Address: | (0) 2848 LINDALE ST WANTAGH NY 11793 | Miscellaneous Code: | [0] |
| Collateral Value: | $390,500.00 | | |

10/5/2007                                                                            13:14:57 PM

7/17/2007

15:25:29 PM

LK I/L NON ACCRUAL 163101          LAKELAND BANK          7/17/2007 3:25:24 PM
Printed by: JOE KAPRASZEWSKI                            Reporting Institution: 1

## Note 163101 - EDWIN J RYBACKI

| | Rel | Birthdate | Phone | Tax Identification |
|---|---|---|---|---|
| [01] EDWIN J RYBACKI | | Dec 08, 1929 | [H] (516) 790-6610 | SSN 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 |
| [02] RITA RYBACKI | | Oct 08, 1933 | [H] (516) 790-6610 | SSN 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 |
| 2848 LINDALE ST | | | | |
| WANTAGH NY 11793 | | | | |

Tax Name: [1] EDWIN J RYBACKI

## Account Classification

| | | | |
|---|---|---|---|
| Portfolio: | 20055336 | Responsibility Code: | [4425] ORION DEALER LOANS |
| Product: | [1041070] LK I/L NON ACCRUAL | Purpose Code: | [610] Loan to individual |
| Accounting Branch: | [76] | Collateral: | 2002 CABO 35' FB BOAT SEE MISC |

## Summary

| | | | |
|---|---|---|---|
| Principal Balance: | $290,956.46 | Interest Method: | [1] 365/365 Payments P&I |
| Interest Balance: | $0.00 | Current Payment Due Date: | Mar 07, 2007 |
| Net Payoff: | $300,031.75 | Current Payment Due Amount: | $2,414.94 |
| Current Late Charge Balance: | $0.00 | Date Last Payment: | Feb 15, 2007 |
| Extra Interest: | $9,075.29 | Amount Last Payment: | $9,659.70 |
| Active Principal: | $201,400.00 | Current Days Past Due: | 132 |
| Charged Off Principal: | $89,556.46 | Total Amount Due: | $12,074.70 |
| Total Collateral Value: | $390,500.00 | Total Amount Past Due: | $12,074.70 |
| Loan To Value Ratio: | 0.7450 | Payment Frequency: | Monthly |
| Payments Scheduled: | 240 | Regular Payment Amount: | $2,414.94 |
| Payments Billed: | 22 | Current Rate Over: | 7.4900% |
| Payments Made: | 17 | One Day's Interest: | $59.7058 |
| Payments Extended: | | Original Note Amount: | $300,000.00 |
| Times Renewed: | 0 | Original Note Date: | Sep 07, 2005 |
| Times Past Due 0-29 Days: | 2 | Maturity Date: | Sep 07, 2025 |
| Times Past Due 30-59 Days: | 6 | Months To Maturity: | 217.7 |
| Times Past Due 60-89 Days: | 2 | Date Accrued Through: | Jul 16, 2007 |
| Times Past Due 90+ Days: | 3 | Date Last Transaction Activity: | Jun 21, 2007 |
| | | Date Principal Paid To: | Feb 07, 2007 |
| | | Date Interest Paid To: | Feb 15, 2007 |
| | | Date Last Change: | Jun 22, 2007 |
| | | Date Last Updated: | Jul 16, 2007 |

## Collateral Addenda 1

| | | | |
|---|---|---|---|
| Description: | 2002 CABO 35' FB BOAT SEE MISC | Collateral Code: | [37] |
| | | Responsibility Code: | [4425] ORION DEALER LOANS |
| Address: | (0) 2848 LINDALE ST WANTAGH NY 11793 | Miscellaneous Code: | [0] |
| Collateral Value: | $390,500.00 | | |

7/17/2007                                                                                    15:25:29 PM

LK I/L NON ACCRUAL 163101                    LAKELAND BANK                    7/17/2007 3:25:24 PM
Printed by: JOE KAPRASZEWSKI                                                 Reporting Institution: 1

## Balance Non-Accrual

| | |
|---|---|
| Non-Accrual Code: | [2] Non-Accrual (Accrual = 0) |
| Date Non-Accrual: | Jun 06, 2007 |
| Non-Accrual Interest: | $32,010.44 |
| Net Payoff If Accrual: | $300,031.75 |
| Lost Interest: | $9,075.29 |
| Lost Interest 2007: | $9,075.29 |
| Non-Accrual Principal Balance: | $290,956.46 |

## Charge Off

| | |
|---|---|
| Principal Balance: | $290,956.46 |
| Charged Off Amount: | $89,556.46 |
| Active Amount: | $201,400.00 |
| Adjusted Principal: | $201,400.00 |
| Date Charged Off: | Jun 06, 2007 |
| Amount Charged Off: | $89,556.46 |



**505 S. MAIN ST, FREEPORT, NY 11520**

800    Tobin
759 6321
Harold
Beitz
DB 105 ккс

May 17, 2007

Mr. Leo McCaly
Lakeland Bank of N.J.
Fax #973-208-6802

RE: RYBACKI-35' CABO

As per our telephone conversation I have been notified that Lakeland Bank will be removing Marc Rybacki's 35' Cabo from Ocean Marine property. Mr. Rybacki's boat will not be removed from Ocean Marine, 505 So. Main Street, Freeport, New York without the following items.

1. A letter of release from Lakeland Bank.
2. A letter stating that Ocean Marine will not be held responsible for any damage that might incur in transport from the Ocean Marine Property to the determined destination of Lakeland Bank. Once the 35' Cabo is removed from our property Ocean Marine is to be held harmless. We will need at least 10days notice to prepare the boat for departure.
3. Before preparing the 35' Cabo for departure a certified check in the amount of $8,502.20 must be presented to Ocean Marine. This amount is the outstanding balance on Mr. Rybacki's account with Ocean Marine for service rendered. Please know that there is no negotiating the amount due on the account.

Thank you for your attention to this matter.

*Paul Belaton*

# OCEAN MARINE, Inc.

505 South Main Street
Freeport, NY 11520
(516) 378-0105

**Statement**

| DATE |
| --- |
| 5/17/2007 |

| TO: |
| --- |

Marc Rybacki
2848 Lindale Street
Wantagh, N.Y.  11793

35' Cabo

| | TERMS | AMOUNT DUE |
| --- | --- | --- |
| | Net 30 | $8,502.20 |

| DATE | TRANSACTION | AMOUNT | BALANCE |
| --- | --- | --- | --- |
| 12/11/2006 | Balance forward | | 0.00 |
| 12/13/2006 | INV #6042. | 3,585.39 | 3,585.39 |
| 01/31/2007 | INV #FC 1346. Finance Charge | 184.87 | 3,770.26 |
| 02/28/2007 | INV #FC 1382. Finance Charge | 113.37 | 3,883.63 |
| 03/31/2007 | INV #S/D. | 4,070.00 | 7,953.63 |
| 03/31/2007 | INV #FC 1408. Finance Charge | 125.52 | 8,079.15 |
| 04/30/2007 | PMT #158. | -12,976.58 | -4,897.43 |
| 05/07/2007 | INV | 12,976.58 | 8,079.15 |
| 05/07/2007 | INV #2148. | 20.00 | 8,099.15 |
| 05/10/2007 | INV #6219. | 403.05 | 8,502.20 |

| CURRENT | 1-30 DAYS | 31-60 DAYS | 61-90 DAYS | OVER 90 DAYS | AMOUNT DUE |
| --- | --- | --- | --- | --- | --- |
| 0.00 | 8,502.20 | 0.00 | 0.00 | 0.00 | $8,502.20 |

**Lakeland Bank**

# Memo

**To:** Janice Hicks

**From:** Debi Burke

**Date:** 05/18/07

**Loan:** #163101

**Collateral:** 2002 Cabo 35Ft. Serial # CHXBO2114102

**Re:** Rybacki, Edwin

---

I need 1 check made payable to: Ocean Marine Inc. in the amount of $8,502.20. This represents storage and winterization for the above-mentioned repossession. Please charge this amount to OREO expenses GL # 460075(73). Thank you.

---

Repo Fees
#163101 Rybacki

**Lakeland** bank

308170

55-537/212-1

5-18-07

Ocean Marine Inc

8,502.20

**TREASURER'S CHECK**

AUTHORIZED SIGNATURES

Margaret Rhonda

⑈308170⑈

06/28/2007  15:01   9736977711          LAKELAND BANK                    PAGE  04/05

Jun 08 07 06:24p     Rob Lewis                          914-739-3039          p.1

# BOAT DELIVERY AND SERVICES



PO BOX 571
VERPLANCK, NEW YORK 10596
Cell 914-489-4848
Office & Fax 914-739-3039

Date: 6-6-07                                                          № 2154

Customer Name: LAKELAND BANK

Address: _____

| Services | Price |
|---|---|
| TRANSPORT BY WATER | |
| 35 CABO BOAT From | |
| FREEPORT LI TO | |
| NEW BURG | |
| CAPTAIN AND CREW | 1200 |
| | **Mileage** |
| | |
| 6-11-07 | **Tolls** |
| OK TO PAY $1200 — | |
| Lew | **Total** |
| | **Tax** |
| | **Total Amount** |
| | 1200 |

Rybacki

06/20/2007  15:01   9736977711           LAKELAND BANK                          PAGE  03/05

*Melzer Mountain*

*Transport*

94 Driscoll Mountain Rd.          *Service*          732-691-8708 fax
Deering NH. 03244                                    603-363-1840 mobile

Invoice number: 1436

May 22, 2007                                    5-23-07

Lakeland Bank                                   OK to pay $375 —
250 Oak Ridge Road
Newfoundland, NJ 07438

RE: Cabo FB Yacht secure repo from Freeport LI.

Transport bank personnel and locate destination site in order to secure unit. Provide
security from potential debtor confrontation  in lieu of repo time and date disclosure.
Confirm VIN. Provide transport vehicle and return to home base safely.

Amount due $375.00

Thank you for your business,
Pierre Melzer

Please make checks payable to:

MelzerMountain
94 Driscoll Mountain Rd.
Deering, N.H. 03244
Inv # 1436

# EXHIBIT "B"



**Lakeland bank**

ADMINISTRATIVE CENTER
250 OAK RIDGE ROAD, OAK RIDGE, NEW JERSEY 07438-8906
973-697-2000  •  www.lakelandbank.com

May 23, 2007

Rita Rybacki
37 Lourae Drive
Massapequa Park, NY 11762

RE:     Redemption of Repossessed Collateral
Account #        163101
Collateral:      2002 Cabo 35 FB Serial # CHXB02114102
Payoff:          $ 297,643.57
Past Due:        $ 7,244.82
Late Charges:    $ .00
**Plus Repossession Charges**

Dear Mr. Rybacki:

In compliance with the Uniform Commercial Code of New York and the Retail Installment Contract executed by you in connection with the above mentioned collateral, Lakeland Bank hereby notifies you that the above mentioned collateral will be sold at a private sale after (15) days from the above date hereof unless the amount of the Promissory Note evidencing such loan is paid in full within (15) days.

The above-mentioned collateral is being stored at: 505 South Main Street, Freeport, NY.  Any personal property must be claimed at this location within the (15) day time frame, or it will be destroyed.

You are further notified that if the above collateral is sold by Lakeland Bank, and the proceeds of such sale do not pay said note in full; you shall remain liable for any such deficiency from you by all lawful means.

It is sincerely hoped that you will immediately pay said note in full and make such sale unnecessary. Please feel free to contact me at 973-697-2000 extension 291 to make arrangements to pay the referenced note.

Sincerely,

Debi Danke
Senior Collection Representative

DB/jk
Regular & CMRRR # 7002 0860 0006 3067 2418



**Lakeland bank**

ADMINISTRATIVE CENTER
250 OAK RIDGE ROAD, OAK RIDGE, NEW JERSEY 07438-8906
973-697-2000  •  www.lakelandbank.com

May 23, 2007

Edwin Rybacki
37 Lourae Drive
Massapequa Park, NY 11762

RE:     Redemption of Repossessed Collateral
        Account #        163101
        Collateral:      2002 Cabo 35 FB Serial # CHXB02114102
        Payoff:          $ 297,643.57
        Past Due:        $ 7,244.82
        Late Charges:    $ .00
        **Plus Repossession Charges**

Dear Mr. Rybacki:

In compliance with the Uniform Commercial Code of New York and the Retail Installment Contract executed by you in connection with the above mentioned collateral, Lakeland Bank hereby notifies you that the above mentioned collateral will be sold at a private sale after (15) days from the above date hereof unless the amount of the Promissory Note evidencing such loan is paid in full within (15) days.

The above-mentioned collateral is being stored at: 505 South Main Street, Freeport, NY.  Any personal property must be claimed at this location within the (15) day time frame, or it will be destroyed.

You are further notified that if the above collateral is sold by Lakeland Bank, and the proceeds of such sale do not pay said note in full; you shall remain liable for any such deficiency from you by all lawful means.

It is sincerely hoped that you will immediately pay said note in full and make such sale unnecessary. Please feel free to contact me at 973-697-2000 extension 291 to make arrangements to pay the referenced note.

Sincerely,

Debi Burke
Senior Collection Representative

DB/jk
Regular & CMRRR # 7002 0860 0006 3067 2401

# EXHIBIT "C"

# Lakeland bank

## INDIRECT/DEALER LOAN APPLICATION

| Dealer | |
|---|---|
| Contact | |
| Tel. # | |
| Fax# | |

**IMPORTANT: Read these directions before completing this application.**

(Check the appropriate box)

☐ If you are applying for an individual account in your own name and are relying on your own income or assets and not the income or assets of another person as the basis for repayment of the credit request, complete all sections except the co-applicant sections.

☑ If you are applying for a joint account that you and another person will use, complete all Sections, providing information about the joint applicant or user in the co-applicant sections.

We intend to apply for joint credit.  _____ Applicant-initials  _____ Co-Applicant-initials

☐ If you are applying for an individual account, but are relying on income from alimony, child support, or separate maintenance or on the income or assets of another person as the basis for repayment of the credit requested, complete all Sections to the extent possible, providing information about the person on whose alimony support or maintenance payments or income or assets you are relying, in the co-applicant sections.

### Loan Request — Description of item being purchased:

| | | Sale Price | |
|---|---|---|---|
| Year 2002 | Make | Tax and Tags | |
| Model | Length | Less net trade-in | |
| VIN# | Mileage | Less cash down | |
| ☐ Inboard  ☐ Outboard   Eng/HP | | Loan requested | |
| Description of trade-in: Make | Year | Loan term | |
| Trade Amount | Please submit separate sheet detailing all optional equipment on unit being purchased | | |

### Applicant

| Last Name RYBACKI | First Name Edwin | Middle Init. J | Date of Birth 12/9/37 | Number of dependents (Include Self): 2 |
|---|---|---|---|---|
| Present Address (If P.O. Box must include street address) 2848 Lindale St. | City Wantagh | County Nassau | State NY | Zip Code 11793 | How Long 10 | ☑ Own ☐ Rent | Payment |
| Previous Address 37 Lourae Dr. | City MASSAPEQUA | County Nassau | State NY | Zip Code 11762 | How Long 3r | ☐ Own ☐ Rent | Payment |
| Social Security No. 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 | Driver's License No. | State | Home Phone Number (516) 790-6610 |

Name, Address & Phone of Close Relative or Friend not living with you | Relationship

Are you a U.S. Citizen? ☑ Yes ☐ No    If No. Are you a permanent resident alien? ☐ Yes ☐ No

### Co-Applicant

| Last Name RYBACKI | First Name Rita | Middle Init. | Date of Birth 1/ | Relationship to Applicant Wife |
|---|---|---|---|---|
| Present Address (If P.O. Box must include street address) 2848 Lindale St | City Wantagh | County Nassau | State NY | Zip Code 11793 | How Long 10 | ☐ Own ☐ Rent | Payment |
| Social Security No. | Driver's License No. 811171686 | State | Home Phone Number (516) 790-6610 |

Are you a U.S. Citizen? ☑ Yes ☐ No    If No: Are you a permanent resident alien? ☐ Yes ☐ No

### Employment Applicant

| Name of Employer Retired | Position | Years Employed | Business Phone ( ) |
|---|---|---|---|
| Address of Employer | City | County | State | Zip Code | Self Employed ☐ Yes ☐ No |
| Name and Address of Previous Employer | | Years Employed | Business Phone ( ) |

### Employment Co-Applicant

| Name of Employer | Position | Years Employed | Business Phone ( ) |
|---|---|---|---|
| Address of Employer | City | County | State | Zip Code | Self Employed ☐ Yes ☐ No |
| Name and Address of Previous Employer | | Years Employed | Business Phone ( ) |

### Income

**PLEASE INDICATE ALL INCOME FIGURES AS MONTHLY AMOUNTS.**

| | Gross Monthly Salary | Soc. Sec./Pension/Disability (indicate source) | Rental income | Other income (indicate source) | Total Monthly Income |
|---|---|---|---|---|---|
| Applicant | $ | $ | $ | $ | $ |
| Co-Applicant | $ | $ | $ | $ | $ |

Note: Alimony, child support and separate maintenance payments need not be revealed unless you wish to rely on such income in applying for credit. If you are relying on alimony, child support or separate payments as a basis for repayment of the credit you are applying for, be sure to complete the "Other income" and "Co-applicant sections.

### Debts

Have you or joint applicant ever requested any business in any other name, had any judgments, attachments, garnishments, or other legal actions entered against you? ☐ Yes ☐ No  If "yes" attach additional sheet stating name of names and full facts pertaining to each name.

Are you co-applicant a co-maker, endorser or guarantor on any loan or contract?   ☐ Yes, if yes, to whom? ☐ No

### Banking/Assets

List present bank accounts. Indicate whether account is in name of: A = Applicant, C = Co-Applicant, AC = Joint (Applicant & Co-Applicant).

| Your Bank(s)/Asset(s) | Whose account? | Type of Account | Account Number | Balance |
|---|---|---|---|---|
| | | | | |

### IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and

record information that identifies each person who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

I (WE) AUTHORIZE ANYONE MENTIONED HEREIN TO FURNISH YOU SUCH INFORMATION AS YOU MAY REQUIRE IN CONNECTION WITH THIS APPLICATION AND AGREE THAT THE APPLICATION SHALL REMAIN YOUR PROPERTY WHETHER OR NOT THE LOAN IS GRANTED. YOU AGREE TO NOTIFY US IMMEDIATELY UPON ANY MATERIAL CHANGE IN THE ABOVE STATEMENT.

I (WE), AFFIRM THAT EACH OF THE ANSWERS GIVEN TO THE FOREGOING QUESTIONS IS TRUE AND CORRECT AND THAT THE FOREGOING IS A TRUE AND CORRECT STATEMENT OF MY (OUR). FINANCIAL CONDITION. IT IS A FEDERAL CRIMINAL OFFENSE TO KNOWINGLY MAKE ANY FALSE STATEMENT OR REPORT, OR TO WILLFULLY OVERVALUE ANY PROPERTY FOR THE PURPOSE OF INFLUENCING THE BANK TO ACT ON THIS APPLICATION

I (WE) AUTHORIZE LAKELAND BANK TO CHECK MY (OUR) CREDIT, BUSINESS AND EMPLOYMENT HISTORY AND TO REPORT INFORMATION REGARDING MY (OUR) CREDIT HISTORY TO CREDIT REPORTING AGENCIES AND OTHER PERSONS WE BELIEVE HAVE A LEGITIMATE BUSINESS REASON TO REQUEST SUCH INFORMATION

Signature of Applicant          Date                    Signature of Co-Applicant          Date

## RETAIL INSTALMENT CONTRACT

Meaning of Some Words: In this Contract, the words "I," "me," "we," and "my" mean anyone signing this Contract as Buyer. The words "you" and "your" mean the Seller or, after the Seller transfers its rights under this Contract, anyone having those rights.

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all scheduled payments. | Total Sale Price The total cost of my purchase on credit, including my downpayment of $ 141652.17 |
|---|---|---|---|---|
| 7.49 % | $ 279585.60 | $ 300000.00 | $ 579585.60 | $ 721237.77 |

My Payment Schedule will be:                                                    e means estimate     Security: I am giving a security interest in the motor vehicle being purchased.

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 240 | $ 2414.94 | Monthly, beginning   OCT 7th   05 |
|  | $ N/A |  |

Filing Fees: $ _____ N/A _____  Non-Filing Insurance: $ _____ N/A _____
Late Charge: If a payment is late more than 10 days, I will be charged 5% of the payment.
Prepayment: If I pay off early, I will not have to pay a penalty.

My Contract documents will have additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

In this Contract,
you are
the Seller.

SPENCER LEASING CORP
530 MONTAUK HIGHWAY   W BABYLON NY 11704

This Contract is between Seller and Buyer. All disclosures have been made by Seller. Seller intends to assign this Contract to the Assignee named below.

We are
the Buyer(s).

EDWIN J RYBACKI   2848 LINDALE STREET WANTAGH NY 11793
RITA RYBACKI   2848 LINDALE STREET WANTAGH NY 11793

If there is more than one Buyer, each of us will be obligated, separately and together, for all sums due you and for the performance of all agreements as provided in this Contract.

| Name(s) | Address(es) | Zip Code(s) |

Description of Vehicle: (See "Insurance Requirements" section)

| N/U | Year and Make | Series | Body Style | No. Cyl. | Truck Ton Capacity | Serial Number |
|---|---|---|---|---|---|---|
| USED | 2002 CABO | 35'FB 2002 CABO | | | | CHXB02114102 |

Acct. No. _____
Date         SEP 7th    0

### Itemization of Amount Financed

Equipped with  ☐ A.T.  ☐ P.S.  ☐ AM-FM Radio    Other _____
☐ A.C.  ☐ P.B.  ☐ P.W.

I have traded in the following vehicle:

| Year and Make | Description |

Property Insurance: I am required to obtain and maintain insurance on the Collateral, endorsed to protect you as loss-payee, BUT I MAY CHOOSE THE AGENT OR BROKER OF MY CHOICE.

TITLE HOLDER OF COLLATERAL: _____  REGISTRANT: _____

PHYSICAL DAMAGE: Comprehensive $ _____ N/A _____ deductible. Collision $ _____ N/A _____ deductible.

INSURANCE COMPANY: _____  Policy Number: _____  Effective Date: _____

AGENT: Name: _____  Address: _____  Telephone Number: _____

I guarantee that the required insurance coverage as shown in the "Insurance Requirements" section was obtained from the agent named above.

**Liability insurance coverage for bodily injury and property damage is not included or provided for in this Contract.**

Vendor's Single Interest Insurance: If this box is checked ☐ , you require Vendor's Single Interest Insurance. I may choose the person through whom Vendor's Single Interest Insurance is to be obtained. This insurance is for the sole protection of the Assignee and my interest is not covered. If obtained through you, the cost of such insurance is $ _____

Promise to Pay: I promise to pay you (the "Assignee") the Total Sale Price for the Vehicle by making the cash downpayment, assigning the Trade-In, if shown above, on or before the date of this Contract, and paying you the Amount Financed, plus the credit service charge (called "interest" in this Contract) at the Annual Percentage Rate shown above. I promise to make payments on or before the payment due dates shown in the Payment Schedule above.

LAKELAND BANK, 250 Oak Ridge Road, Oak Ridge, New Jersey 07438     (the "Assignee")

| | | |
|---|---|---|
| Cash Price | | 441532.67 |
| Cash Downpayment | −$ | 141652.17 |
| Trade-In | | |
| Value of Trade-In | −$ | N/A |
| Lien Payoff to: | | |
| | +$ | N/A |
| Unpaid Cash Price Balance 1 | =$ | 299880.50 |
| To Credit Insurance Company* 2 | +$ | N/A |
| To Property Insurance Company 3 | +$ | N/A |
| To Public Officials 4 | +$ | 119.50 |
| To _____ 5 | +$ | N/A |
| To _____ 6 | +$ | N/A |
| To _____ 7 | +$ | N/A |
| Amount Financed (1 thru 7) | =$ | 300000.00 |

*You may be retaining a portion of these amounts.

### REQUEST AND SCHEDULE OF GROUP INSURANCE

I understand that Group Credit Life Insurance and Group Credit Accident and Health Insurance are voluntary and are not required to obtain this loan. I further understand that I may select another insurer to provide this coverage.

If I choose to become insured, I understand that insurance will be provided in accordance with the certificate of group insurance that will be given to me. I also reserve the right to terminate my coverage at any time by notifying you in writing. The cost of insurance for the entire term of this loan are shown below.

☐ I WANT optional Group Credit Life Insurance.           $ ____N/A____
☐ WE WANT optional Group Credit Joint Life Insurance.    $ ____N/A____
☐ I WANT optional Group Accident and Health Insurance.   $ ____N/A____

Insured Buyer's present age _____
Insured Co-Buyer's present age _____

Signature of Buyer _____
Insurer: _____

Signature of Co-Buyer (For Joint Life Only) _____
Max. Amt. of Ins.: _____

**Security Agreement:** As security for this Contract (to protect you if I don't pay), I give you a security interest in the Vehicle being purchased. A security interest means that, if one of the events of default occurs, you can take the Vehicle and under certain circumstances sell it, as is more fully explained in the "Right to Demand Payment in Full" and the "Right to Repossess" sections on the back of this Contract. "Vehicle" shall include tires, parts, equipment, replacement parts or additions to the Vehicle or any vehicle insurance refunds or any proceeds resulting from loss or damage to the Vehicle. If I default under "Right to Demand Payment in Full" section), you have the right to apply any sums that I have on deposit with you and any group insurance refunds which you receive against any balance that I owe. The Vehicle also secures any advances made to protect your interest in the Vehicle.

I AGREE THAT THE PROVISIONS ON THE BACK ARE PART OF THIS CONTRACT. (Continued on reverse side)

**NOTICE TO THE BUYER: 1. Do not sign this Agreement before you read it or if it contains any blank space. 2. You are entitled to a completely filled-in copy of this Agreement. 3. Under the law, you have the right to pay off in advance the full amount due. If you do so, you may, depending on the nature of the credit service charge, either: (a) prepay without penalty, or (b) under certain circumstances, obtain a rebate of the credit service charge. 4. According to law, you have the privilege of purchasing insurance on the motor vehicle provided for in this Contract from an agent or broker of your own selection.**

Seller agrees to this Contract, including terms and conditions on back, and assigns it to the Assignee named above in accordance with the first Assignment printed on the reverse side, unless otherwise marked.

I HAVE RECEIVED A COPY OF THIS CONTRACT SIGNED BY THE SELLER. RETAIL INSTALMENT CONTRACT.

Seller   SPENCER LEASING CORP
              (Firm Name)

Buyer   _Edwin J Rybacki_

By _____

Co-Buyer _____

Anyone signing below consents to your taking a security interest in the vehicle described in this Contract and is obligated only under those terms of the Contract which create that security interest and will have no personal responsibility for the payment of obligations existing under the terms of the Contract.

_____  Address _____  Date _____

### CO-SIGNER NOTICE

I agree to pay the debt identified above, although I may not personally receive any property, services or money. I may be sued for payment, although the person who receives the property, services or money is capable of paying the debt. This notice is not the writing that obligates me to pay the debt. I should know that the Total of Payments listed above does not include Finance Charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorneys' fees, or other charges that are stated in the Contract. I will also have to pay some

has been computed upon the basis that I will pay all installments on the scheduled due dates. If any instalment is received later than the scheduled due date, I will be obligated to pay such additional amounts as may become payable by reason of the accrual of interest calculated daily upon the unpaid balance of the Amount Financed. In the event that any instalment is made in advance of the scheduled due date, the interest charges will be reduced accordingly. The amount of this decrease or increase will be reflected in the final payment. I shall have the right to prepay the unpaid principal balance in full or in part at any time provided that payments are first applied to accrued interest as of the date of prepayment.

**How Payment In Advance Of Credit Insurance Is Figured:** If I pay all amounts owing under this Contract in advance, I will receive a refund for Group Credit Insurance premiums from you, as specified on the front of this Contract calculated by a formula approved by the Insurance Department.

**Late Charge:** If I fail to pay any instalment for more than 10 days from the date it is due, I will pay a late charge of 5% of the unpaid instalment.

**Return Check Charge:** If any check, draft or other item I send you in payment of my obligation on this Contract is returned for insufficient funds, I agree to pay you a Return Check Charge of $20.00.

**Collection Costs:** If you hire an attorney to bring a lawsuit to collect any amount owing under this Contract, I will pay your attorney's fees up to 15% of the amount then due, plus court costs, or such lesser amounts as the court allows.

**Payment After All Amounts Owing Become Immediately Due:** Under certain circumstances, you can declare all amounts owing under this Contract immediately due. If you do and all amounts owing are paid or you sue for them and obtain a judgment, you will calculate what I owe as if I were going to pay in advance.

**Care of Vehicle:** I agree: to keep the Vehicle in good condition and repair; not to remove it from the address at which it is presently kept without your prior written consent; not to sell or transfer it or use it as collateral in another transaction; not to use the Vehicle for hire, livery or lease; or permit its use in any illegal manner; not to allow someone else to seize the Vehicle or create a lien (claim) on it; and to give you immediate written notice of loss or damage to the Vehicle.

**Insurance Requirements:** I agree at all times to keep the Vehicle insured with comprehensive, fire and theft, and a minimum amount of deductible collision insurance satisfactory to you, endorsed to protect you with a licensed insurance company. If I fail to insure my Vehicle, you may do so and I agree to pay the cost. I agree that any insurance moneys payable by reason of damage to or loss of the Vehicle shall be paid directly and solely to you and may be used to pay my debt to you. If the Vehicle is lost or damaged, you can use the insurance proceeds (money) to replace or repair it, or to repay any amounts I owe you, and I agree that, if necessary, you can settle any insurance claims or sign any insurance checks on my behalf. I agree that loss, damage to or destruction of the Vehicle shall not affect my duty to make the payments under this Contract.

**Further Advances Secured:** If I fail to pay fees, taxes or the costs necessary to keep the Vehicle in good condition and repair, you may, if you alone choose, advance any sums necessary to protect your interest in the Vehicle. Any such advances will be secured by the Vehicle and will be subject to a Finance Charge at the Annual Percentage Rate of this Contract.

If I fail to maintain required property insurance, you may, if you choose, obtain equivalent kinds of replacement insurance. This replacement insurance will protect your interests, but you are under no obligation to obtain replacement insurance which will also protect my interests. THE INSURANCE YOU PURCHASE MAY BE SIGNIFICANTLY MORE EXPENSIVE AND PROVIDE ME LESS COVERAGE THAN INSURANCE I COULD PURCHASE MYSELF. Any amount you advance will be secured by the Vehicle and will be subject to a Finance Charge at the Annual Percentage Rate of this Contract. At the time of the advance, I will be notified in writing of my options to repay the advance:
  (i) in full within ten days of the notice;
  (ii) along with my monthly payment;
  (iii) if available, as a single monthly payment, one month following payment of all other amounts due under the Contract;
  (iv) if available, as additional monthly payments, not exceeding the monthly payments due under the Contract;

Your payments on my behalf will not cure my failure to perform my promises in this Contract.

**Optional Insurance or Service Contracts:** This Contract may contain charges for optional insurance or service contracts. If the Vehicle is repossessed, I agree that you may claim benefits under these contracts and terminate them to obtain refunds for unearned charges.

---

the entire balance of my loan be paid at once, without prior notice or demand, if:
1. Any amount owing under this Contract or any other amount I owe you now or in the future is not paid by the day it becomes due; or
2. I break one of my promises under this Contract; or
3. I have made any false or misleading statement on this Contract and/or credit application; or
4. Your name does not appear as the only "lienholder" (claim) on any certificate of title issued now or in the future; or
5. The Vehicle is lost, stolen or damaged without adequate insurance coverage; or sold, or given away, or seized; or
6. I file bankruptcy or if any proceeding is instituted to seek relief from my debts; or
7. I die or become legally unable to manage my affairs; or
8. You, in good faith, believe that the prospects of payment or other performance under this Contract is impaired.
9. The Vehicle is seized by a third party (including, without limitation, a municipality or other governmental or quasi-governmental entity) because of the Vehicle's alleged or actual involvement in actual or alleged criminal or unlawful activity and/or where a forfeiture proceeding has been instituted in/before any federal, state or local court or any administrative body.

**Right to Repossess:** You can repossess (take) the Vehicle if one of the events of default (listed in the "Right to Demand Payment in Full" section) occurs. After my default, I will deliver the Vehicle, upon your request, or you can enter the premises where it is kept and take it yourself (as permitted by law), and you need not notify me before you do this. You can sell the Vehicle after repossession and apply the proceeds to the balance of what I owe after deducting your reasonable repossession, storage, repair, preparation for sale and selling expenses. You will send me reasonable notice by mail of any sale of the Vehicle. If my Default consists solely of a failure to make timely payments, I may have certain rights to stop the sale of my Vehicle even after you repossess it if I make timely tender of the amount required to redeem the Vehicle.

To recover any articles I claim are not part of the Collateral but were contained in the Vehicle, I must notify you in writing within 10 days after repossession. Failure to claim and take possession of these items promptly will be an abandonment of them.

If the sale does not cover all that I owe, I will be responsible for the amount still owed. If there is any surplus money it will be refunded to me.

**Trade-in and Downpayment:** I guarantee that I own the vehicle traded in, if any, and that it is free from any lien or security interest not shown in the "Trade-in" section of the "Itemization of Amount Financed." I also represent that I have made the downpayment and have not borrowed it.

**Title and Security Interest:** If the Vehicle is already titled or is to be titled, I guarantee that I am or will be the registered owner and your security interest shall appear as the only security on any certificate of title now or in the future issued. I agree that you can apply for certificates of title to show your security interest and I agree to assist you in doing so. I also give you permission to file a financing statement (notice of your security interest filed for public record) covering your security interest without my signature on it.

**Waivers and Releases:** You can waive or delay enforcing any of your rights without losing them. You can waive or delay enforcing a right as to one of us without waiving it as to the other. You need not give anyone notice of the waiver, delay or release. Your failure to file a security interest, failure to keep the Vehicle insured, release of a security interest or granting of extensions of time of payment shall not affect my obligation under this Contract.

**Applicable Law:** This Contract shall be governed by New York Law except for its conflict of law provisions. If any provision is found to be ineffective under any law or regulation, the remainder will still be binding and effective.

The following notice shall not apply to any sale for other than personal, family, or household use.)

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**Warranties and Representations:** I warrant and represent that the funds (Collateral) are obtained and will be used in connection with lawful activities, pursuits, endeavors, ventures or businesses, and I will not use the funds (Collateral) to violate any law that could result in forfeiture proceedings being instituted. I agree to promptly inform you of any proposed proceedings or actual proceeding which would subject the funds (Collateral) to forfeiture to any governmental body.

---

**WARRANTIES:** If this Contract involves the sale of a new Vehicle, the Seller makes no warranty, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, unless Seller has given Buyer a separate written warranty or unless Seller enters into a service contract with Buyer within 90 days from the date of this Contract, or except for any warranty set forth in the Buyer's Guide for Used Cars.

IF THIS CONTRACT INVOLVES THE SALE OF A USED VEHICLE, AS DEFINED UNDER 16 CFR PART 455, THE INFORMATION I SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

### ASSIGNMENT

FOR VALUE RECEIVED, receipt whereof is hereby acknowledged, the Seller hereby sells, transfers, assigns and sets over to the Assignee named on the face hereof, its successors and assigns, or any subsequent assignee, all right, title and interest in and to the Contract and to the Vehicle described in the Contract, and to all monies due and to become due under the Contract, and guaranty made in connection with the Contract, and all rights and remedies under said Contract, with power in the Assignee to assign the same, either in Assignee's own name, or in the name of the Seller, for the Assignee's exclusive benefit, and to take all such legal or other proceedings as the Seller might have taken, except for this Assignment. Seller, to induce the Assignee to purchase the Contract, warrants that the Contract is genuine, unamended and enforceable without defense or counterclaim and Contract accurately reflects the transaction in all respects, that all parties to the Contract are over eighteen years of age, have the legal capacity to execute the Contract and that all signatures are genuine, that the Buyer (or Co-Buyer) has accepted delivery of the Vehicle and it is titled to the Buyer (or Co-Buyer), that the Vehicle is properly described in the Contract, that the downpayment has been paid to Seller in cash, and not its equivalent (except as specifically shown in the Contract) and has not been borrowed from the Seller or a loan arranged for or procured on behalf of the Buyer by the Seller or anyone connected with the Seller, that the amount allowed by the Seller for any property taken in trade is correctly stated, that the Assignee is acquiring a purchase money security interest in the Vehicle free and clear of any lien, claim and encumbrance, and that the Seller has the power to assign the Contract to the Assignee. Seller covenants and warrants that the Buyer was informed, prior to the submission of an application to the Assignee, of Assignee's name and address. The Seller will immediately cause the Assignee's name to appear on the Certificate of Title as the first and only lienholder. If the Buyer has voluntarily established that Buyer wishes any Group Credit Insurance and has met all criteria for obtaining such insurance, the Seller warrants that such coverage has been obtained and paid for and agrees to hold the Assignee harmless from any claims with respect to such insurance, and promptly to make the appropriate refunds if such insurance is cancelled and/or the Contract is prepaid. Upon breach of any of the provisions in this Assignment or if the Buyer, Co-Buyer or Guarantor notify the Assignee (orally or in writing) that they have any claim or defense arising out of the Contract or under Sections 198-a or 198-b of the New York General Business Law, or 16 CFR 433 et seq. or 16 CFR 455 et seq. – whether or not there is a default in payment – Seller agrees, on demand, immediately to repurchase the Contract for the unpaid balance, including earned Finance Charges as of the date of repurchase. Seller has fully complied with all applicable laws and regulations, including, without limitations, the Fair Credit Reporting Act, the Truth-in-Lending Act and the Equal Credit Opportunity Act. Seller agrees to hold harmless and indemnify Assignee for any loss sustained as a result of any claim or defense Buyer, Co-Buyer or Guarantor may have against Seller, whether or not this loss is sustained as a result of a judicial determination. Seller hereby consents to any extensions of time for payment; modification of terms; release or substitution of parties or Vehicle; and agrees that the Assignee's failure to perfect its lien on the Vehicle will not affect this Assignment. The Vehicle described as the subject of the Contract is new and unused (unless stated otherwise in the Contract). The Vehicle's Certificate of Title is not a branded title as specified in 15 N.Y.C.F.R. § 20.20. To the best of Seller's knowledge and belief, the representations on the Buyer's credit application are true and the Buyer will not use or permit the use of the Vehicle in violation of any law. Seller agrees that if any of the warranties, covenants or guarantees be breached, or if any representation be untrue, the Seller will, upon demand, repurchase the Contract from the Assignee and pay for the Contract, in cash an amount equal to the entire unpaid balance due on the Contract, with accrued interest, together with the accrued attorneys' fees. The Seller agrees that the repossession of the Vehicle from the Buyer for any cause shall not release the Seller from the obligations of this Assignment. The Assignee is authorized to correct any and all patent errors in the Contract.

### FULL RECOURSE ASSIGNMENT

Seller agrees, in addition to the warranties above, that in the event of default by Buyer in the full payment on the due date thereof of any instalment payable under the Contract or in the prompt performance of any other obligation to be performed under the Contract by Buyer, Seller will, upon demand by Assignee, forthwith repurchase the Contract from Assignee for a repurchase price in cash equal to the full unpaid balance of the Contract as of the date of such repurchase, including any earned Finance Charges then due.

---

Seller/Assignor

the credit service charge, either: (a) prepay without penalty, or (b) under certain circumstances, obtain a rebate of the credit service charge. 4. According to law, you have the privilege of purchasing insurance on the motor vehicle provided for in this Contract from an agent or broker of your own selection.

| | |
|---|---|
| Seller agrees to this Contract, including terms and conditions on back, and assigns it to the Assignee named above in accordance with the first Assignment printed on the reverse side, unless otherwise marked. | I HAVE RECEIVED A COPY OF THIS CONTRACT SIGNED BY THE SELLER. RETAIL INSTALMENT CONTRACT. |

Seller **SPENCER LEASING CORP**
(Firm Name)

Buyer _Edw J Ryback_

By _____

Co-Buyer _Rita Ryback_

Anyone signing below consents to your taking a security interest in the vehicle described in this Contract and is obligated only under those terms of the Contract which create that security interest and will have no personal responsibility for the payment of obligations existing under the terms of the Contract.

Address _____  Date _____

## CO-SIGNER NOTICE

I agree to pay the debt identified above, although I may not personally receive any property, services or money. I may be sued for payment, although the person who receives the property, services or money is capable of paying the debt. This notice is not the writing that obligates me to pay the debt. I should know that the Total of Payments listed above does not include Finance Charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorneys' fees, or other charges that are stated in the Contract. I will also have to pay some or all of these costs and charges as required by the terms of the Contract. I have read the Retail Instalment Contract, which contains the exact terms of my obligation, and the Co-Signer(s) Notice.

I have been given a completed copy of this Notice and each writing that obligates me or the Buyer on this Contract.

Co-Signer's Signature _____  Date ____  Co-Signer's Signature _____  Date ____

**CO-SIGNER: I SHOULD READ THE NOTICE TO CO-SIGNER, ABOVE, BEFORE SIGNING THE CO-SIGNER'S AGREEMENT.**
**CO-SIGNER'S AGREEMENT:** I, the person (or persons) signing below as "Co-Signer," promise to pay to you all sums due on this Contract and to perform all agreements in this Contract. I intend to be legally bound by all the terms of this Contract, separately and together, with the Buyer. I am making this promise to induce you to make this Contract with the Buyer, even though you will use the proceeds only for the Buyer's benefit. I agree to pay even though you may not have made any prior demand for payment on the Buyer or exercised your security interest. I also acknowledge receiving a completed copy of this Contract.

X _____
Co-Signer's Signature          Address          Date

X _____
Co-Signer's Signature          Address          Date

BANCONSUMER FORM NY 23-SLC (Rev. 12/03)    NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.    © 2003 BANCONSUMER SERVICE, IN

BANK FILE COPY

price in cash equal to the full unpaid balance of the Contract as of the date of such repurchase, including any earned Finance Charges then due.

_____
Seller/Assignor

_____          _____
Title                                                                              Date

## FULL REPURCHASE

Seller agrees, in addition to the warranties stated in the first Assignment section set forth above, that in the event of default by Buyer under the Contract and provided that Assignee shall take possession of the Vehicle and tender delivery of same to Seller, Seller will, upon demand by Assignee, forthwith repurchase the Contract and/or Vehicle (regardless of condition) from Assignee for a repurchase price in cash equal to the full unpaid balance of the Contract as of the date of such repurchase, including any earned Finance Charges then due and expenses incurred in such taking and delivery of the Vehicle.

Dealer_____          By_____
Corporation, Individual or Firm Name/Assignor                            (Officer, Owner, or Partner–Title)

## OTHER ASSIGNMENTS

Seller agrees, in addition to the warranties stated in the first Assignment section set forth above, that, if the Buyer defaults in any manner under the Contract, the following additional covenants shall apply, such covenants being more specifically defined in an agreement between Seller and Assignee.

_____          _____
Type of Assignment                                                        Seller/Assignor

_____          _____
Date                                                                              Title

BANCONSUMER FORM NY 23-SLC (Rev. 12/03)          **NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION.**