**GOLDSTEIN ISAACSON, PC**
Andrew J. Goldstein (AG-7150)
100 Morris Avenue, 3rd Floor
Springfield, New Jersey 07081
Telephone No. (973) 258-0500
Attorneys for Plaintiff

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/08

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lakeland Bank, a New Jersey Charter State Bank, with its principal place of business at 250 Oak Ridge Road, Oak Ridge, New Jersey 07438,<br><br>Plaintiff,<br><br>-vs-<br><br>TAYLOR BABY in rem, EDWIN RYBACKI, in personam, RITA RYBACKI, in personam, and MARC RYBACKI, in personam<br><br>Defendants. | Civil Action No. 07-CIV-6823 (SAS)<br><br>**ORDER FOR SALE OF VESSEL PURSUANT TO RULE E(9)** |

This matter having been opened to the Court on the application of Andrew J. Goldstein, Esq., Goldstein Isaacson, PC, attorneys for the plaintiff Lakeland Bank, for an Order to sell the vessel, Taylor Baby, *in rem*, and the Court having noted that the plaintiff has obtained a Judgment dated December 12, 2007 against Taylor Baby, *in rem*, in the amount of $304,808.21; and

**WHEREAS** no portion of the judgment has been paid.

**IT IS** on this _13_ day of _March_, 2008

**ORDERED** that the Taylor Baby be sold by the United States Marshal for the Southern District of New York on April 4, 2008 at 12:00 p.m., at Storm King Marina, 2899 Route 9W, New Windsor, New York; and it is

**FURTHER ORDERED** that the U.S. Marshal is to cause to be published, the notice of sale in the form annexed hereto as **Exhibit "A"** in the Times Herald Record on seven (7) occasions prior to the sale. The cost of publication shall be an administrative expense and shall constitute a further charge against the proceeds of any sale; and it is

**FURTHER ORDERED** that the said sale of the ship shall be at public auction subject to the confirmation by the Court; and it is

**FURTHER ORDERED** that the United States Marshal for the Southern District of New York shall place the proceeds of such sale into the registry of the Court and/or shall deposit the same with the Clerk of the Court; and it is

**FURTHER ORDERED** that said substitute custodian, at the request of any interested person, grant permission to said person or his representative to visit, board, inspect, examine and survey the Taylor Baby during the daylight hours within ten (10) days of the date of sale as set forth above, provided that the same shall be done at the sole expense of any said person or his representative; and it is

**FURTHER ORDERED** that the Marshal is hereby authorized to accept a deposit of 10% of the amount bid for the said vessel, upon the condition that the balance of the bid is paid within three (3) days of the date of sale, and upon the condition that a deposit should be forfeited by the bidder and applied to the cost of this action, if the balance of the bid is not paid when due; and it is

**FURTHER ORDERED** that the plaintiff is authorized to bid up to the amount of their judgment, as well as their cost judgment, and the plaintiff shall not be required to make any deposit to secure its bid, pending confirmation of sale; and it is

**FURTHER ORDERED** that all of the Marshal's costs and the cost of the substitute custodian and any surveyors including wharfage, towing, etc. shall be administrative expenses.

The Clerk of the Court is directed to close the motion [Document No. 17].

_____

Date: March 13, 2008    Shira A. Scheindlin, U.S.D.J.

# EXHIBIT "A"

## NOTICE OF UNITED STATES MARSHAL'S SALE

By virtue of a judgment for foreclosure of a first preferred ship mortgage and for sale, filed in the Office of the Clerk of the United States District Court for the Southern District of New York on July 30th, 2007, in an action entitled Lakeland Bank, plaintiff, vs. the vessel, Taylor Baby, defendant, under Civil Number 07-CIV-6823, I, Joseph R. Guccione, United States Marshal, hereby give notice that I shall expose for sale the vessel Taylor Baby, bearing official number 1123356, documented by the Department of Transportation, United States Coast Guard, under official number 1123356, together with her furniture, boilers and engines, etc., AS IS and where is to the highest and best bidder at public auction at Storm King Marina, 2899 Route 9W, New Windsor, New York, on the 4th day of April 2008 at 12:00 p.m.

The terms of sale are as follows: A deposit of 10% of the amount of the bid by money order or certified check made payable to the order of the United States Marshal, which shall be paid forthwith upon conclusion of the bidding. The successful bidder must pay the balance within three (3) days from the date of sale by cashier's or certified check. Failure to do so will result in the bidder's forfeiture of any amounts he, she or it deposited with the United States Marshal. The United States Marshal reserves the right to reject any and all bids not in accordance with the terms of sale. The sale may be adjourned to a later date by the United States Marshal. Lakeland Bank, the plaintiff in this action, is authorized to bid any part of the amount due to it without making a deposit to secure its bid. The sale will be subject to confirmation by the United States District Court and payment of Marshal's fees and expenses of the United States Marshal.

The vessel may be inspected by permission of the United States Marshal, and pursuant to arrangement with Andrew J. Goldstein, Goldstein Isaacson, PC, 100 Morris Avenue, 3rd floor, Springfield, New Jersey 07081, (973) 258-0500, attorney for plaintiff.

_____
**Joseph R. Guccione**
United States Marshal
for the Southern District of New York
New York, New York
(212) 331-7200