Settlement's

**GOLDSTEIN ISAACSON, PC**
Andrew J. Goldstein (AG-1750)
100 Morris Avenue, 3rd Floor
Springfield, New Jersey 07081
Telephone No. (973) 258-0500
Attorneys for Plaintiff

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/08
```

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lakeland Bank, a New Jersey Charter State Bank, with its principal place of business at 250 Oak Ridge Road, Oak Ridge, New Jersey 07438, | Civil Action No. 07-CIV-6823 (SAS) |
| Plaintiff, | **ORDER CONFIRMING SALE OF VESSEL PURSUANT TO RULE E(9)** |
| -vs-<br>TAYLOR BABY in rem,<br>EDWIN RYBACKI, in personam,<br>RITA RYBACKI, in personam, and<br>MARC RYBACKI, in personam | |
| Defendants. | |

This matter having been opened to the Court on the application of Andrew J. Goldstein, Esq., attorney for the plaintiff, Lakeland Bank, for an Order confirming the sale of the vessel Taylor Baby, bearing Official No. 1123356, and the Court having reviewed the Affidavit of Andrew J. Goldstein, Esq., submitted herewith, and for good cause appearing;

IT IS on this _____ day of _____, 2008, **ORDERED, ADJUDGED** and **DECREED** as follows:

1.  That the sale of the vessel, Taylor Baby, bearing Official No. 1123356, to Lakeland Bank, pursuant to the Order of Sale issued by this Court dated March 13, 2008, is hereby confirmed.

2.  That all monies due to the United States Marshal have been paid and/or will be paid

from the monies which the United States Marshal currently has in its possession.

3. That the United States Marshal is herewith instructed to prepare and deliver to Lakeland Bank, or its nominee designated in writing to the Marshal, a Bill of Sale conveying title to such vessel to Lakeland Bank, or such nominee, free and clear of any and all liens and encumbrances.

4. That no monies are due from the plaintiff as the plaintiff was the successful bidder, and in accordance with the Court's Order of March 13, 2008, the plaintiff was allowed to bid up to the amount of its judgment without having to pay additional monies.

5. That the expenses incurred in connection with the sale of the said vessel, the safekeeping of the vessel including but not limited to the appraiser's fee, the Marshal's charges, the moneys advanced to the Marshal by complainants herein and reasonable attorney's fees are deemed reasonable and necessary and of a preferred nature.

*The Clerk of the Court is directed to close the motion [Doc. No. 23].*

_____
U.S.D.J.

Date: 5/27/08

Shira A. Scheindlin, USDJ